UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TROY ADAM FIFFIE | CIVIL ACTION |
| VERSUS | NO. 12-58 |
| MICHAEL J. ASTRUE, COMMISSIONER<br>SOCIAL SECURITY ADMINISTRATION | SECTION "C" (3) |

REPORT AND RECOMMENDATION

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("SSA"). The matter has been fully briefed on cross-motions for summary judgment and is ripe for review. For the following reasons, IT IS RECOMMENDED that plaintiff's motion for summary judgment be DENIED, the Commissioner's cross-motion be GRANTED, and plaintiff's case be DISMISSED WITH PREJUDICE.

I.     BACKGROUND

Plaintiff filed an application for DIB on March 3, 2010, alleging a disability onset date of December 18, 2009. (Adm. Rec. at 17). Plaintiff alleged disability due to neck and back injuries. (*Id.* at 165). Plaintiff, born on October 4, 1963, was 46 years old on the date on which he alleged disability and 47 years old at the time of the final administrative decision. (*Id.* at 25, 161). Plaintiff has a ninth-grade education and past relevant work experience as a scaffold builder and laborer. (*Id.* at 24-25, 39).

Defendant initially denied plaintiff's application on July 31, 2010. (*Id.* at 17). Plaintiff sought an administrative hearing, which the agency held on March 10, 2011. (*Id.* at 31-69). Plaintiff and vocational expert ("VE") Beth Drury testified at the hearing.

On June 13, 2011, the administrative law judge ("ALJ") issued a decision in which he found that plaintiff did not meet the definition of disability through the date of the decision. (*Id.* at 17-26). In the decision, the ALJ concluded that plaintiff has the severe impairments of degenerative disc disease and affective/mood disorder. (*Id.* at 19). The ALJ held that plaintiff did not have an impairment or a combination of impairments that meets or medically equals a listed impairment under the regulations. (*Id.* at 19). The ALJ found that plaintiff retained the residual functional capacity ("RFC") to perform exceptionally "light" work activity except that he: can never climb ladders, ropes or scaffolds; can only occasionally climb ramps or stairs; must be able to alternate between sitting and standing positions as needed, provided that he not be off-task for more than ten per cent of the work period; can only occasionally balance, stoop, kneel, or crawl; can only occasionally perform overhead reaching, bilaterally; and can work only in a low-stress environment, defined as requiring no more than occasional decision-making and/or changes in the work setting. (*Id.* at 20). He concluded that plaintiff is unable to perform any past relevant work. (*Id.* at 24). Relying on the testimony of the VE, the ALJ determined that plaintiff can perform other work existing in significant numbers in the national economy. (*Id.* at 25). Specifically, the ALJ concluded that plaintiff can perform the jobs of security guard, cashier, and general office clerk. (*Id.* at 25-26). The ALJ thus denied plaintiff's application for DIB. (*Id.* at 26).

Plaintiff asked the Appeals Council to review the ALJ's conclusion that he was not disabled.

(*Id.* at 12). On November 21, 2011, the Appeals Council denied plaintiff's request. (*Id.* at 1-5). Plaintiff then timely filed this civil action.

## II.     STANDARD OF REVIEW

The function of a district court on judicial review is limited to determining whether there is "substantial evidence" in the record, as a whole, to support the final decision of the Commissioner as trier of fact, and whether the Commissioner applied the appropriate legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir.1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Carriere v. Sullivan*, 944 F.2d 243, 245 (5th Cir.1991). If the Commissioner's findings are supported by substantial evidence, this Court must affirm them. *Martinez*, 64 F.3d at 173.

"Substantial evidence" is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401(1971); *Masterson v. Barnhart,* 309 F.3d 267, 272 (5th Cir. 2002). It is more than a scintilla, but may be less than a preponderance. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir.1993). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the Commissioner's decision. *See Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2002).

A district court may not try the issues *de novo*, re-weigh the evidence, or substitute its own judgment for that of the Commissioner. *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995); *Spellman*, 1 F.3d at 360. The Commissioner is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible. *See Arkansas v. Oklahoma*, 503 U.S. (1992). Conflicts in the

evidence are for the Commissioner to resolve, not the courts. *Carey,* 230 F.3d at 135. Any of the Commissioner's findings of fact that are supported by substantial evidence are conclusive. *Ripley*, 67 F.3d at 555. Despite this Court's limited function on review, the Court must scrutinize the record in its entirety to determine the reasonableness of the decision reached and whether substantial evidence exists to support it. *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir.1992); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir.1990).

### III.   ENTITLEMENT TO BENEFITS UNDER THE ACT

To be considered disabled and eligible for disability benefits under the Act, plaintiff must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant, such as the plaintiff, is considered disabled only if his physical or mental impairment is so severe that he is unable to do not only his previous work, but cannot, considering his age, education and work experience, participate in any other kind of substantial gainful work which exists in significant numbers in the national economy, regardless of whether such work exists in the area in which he lives, whether a specific job vacancy exists, or whether he would be hired if he applied for work. 42 U.S.C. § 1382(a)(3)(B). The Commissioner has promulgated regulations that provide procedures for evaluating a claim and determining disability. 20 C.F.R. §§ 404.1501 - 404.1599 & Appendices, §§ 416.901 t - 416.988 (1995). The regulations include a five-step evaluation process for determining whether an impairment prevents a person from engaging in any substantial gainful activity. *Id.* §§ 404.1520, 416.920; *Greenspan*

*v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994).

In *Shave v. Apfel*, 238 F.3d 592 (5th Cir.2001), the Fifth Circuit restated the five-step procedure to make a disability determination under the Social Security Act:

> The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." To determine whether a claimant is disabled, and thus entitled to disability benefits, a five-step analysis is employed. First, the claimant must not be presently working at any substantial gainful activity. Second, the claimant must have an impairment or combination of impairments that are severe. An impairment or combination of impairments is "severe" if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." Third, the claimant's impairment must meet or equal an impairment listed in the appendix to the regulations. Fourth, the impairment must prevent the claimant from returning to his past relevant work. Fifth, the impairment must prevent the claimant from doing any relevant work, considering the claimant's residual functional capacity, age, education and past work experience. At steps one through four, the burden of proof rests upon the claimant to show he is disabled. If the claimant acquits this responsibility, at step five the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing in spite of his existing impairments. If the Commissioner meets this burden, the claimant must then prove he in fact cannot perform the alternate work.

*Shave*, 239 F.3d at 594 (quoting *Crowley v. Apfel*, 197 F.3d 194 (5th Cir.1999)). If the ALJ determines that a plaintiff is not disabled under Step V of the five-part test, the ALJ must establish that the claimant has a "residual functional capacity," given the claimant's age, education, and past work experience, to perform other work available in the national economy. *Leggett v. Chater*, 67 F.3d 558, 564 n.11 (5th Cir. 1995). Step V also requires the Commissioner to use the medical-vocational guidelines to make his disability determination. *Id.*

The four elements of proof weighed to determine whether evidence of disability is substantial

are: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir.1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Id.*

## IV. ISSUES ON APPEAL

While both parties frame the issues differently, the Court finds that there is only one issue on appeal, as framed by plaintiff:[1]

> (1) Whether the ALJ failed to accord the proper weight to the opinions of plaintiff's treating physicians.

## V. ANALYSIS

### 1. Whether the ALJ failed to accord the proper weight to the opinions of plaintiff's treating physicians.

As noted above, the ALJ held that plaintiff did not have an impairment or a combination of impairments that meets or medically equals a listed impairment under the regulations. (Adm. Rec. at 19). Plaintiff bears the burden to demonstrate that he meets or medically equals a listed impairment. *Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990). In short, plaintiff contends that the ALJ failed to accord the proper weight to the opinions of his treating physicians to determine

---

[1] This Court's resolution of motions for summary judgment in social security lawsuits is constantly hindered by the Social Security Administration's inability to follow this Court's Scheduling Order, in which it orders that "*[d]efendant's **cross-motion** shall respond specifically to each issue raised by the plaintiff.* The response shall not address matters **not raised** by the plaintiff and the defendant need only address those limited areas in its statement of the case." [Doc. #12 at p. 2 (emphasis added)]. This Court seldom finds that the issues raised by defendant respond to those raised by plaintiff, rendering this Court's duty all the more onerous.

6

(1) whether he meets or medically equals a listed impairment and (2) his RFC.

It is well settled that the opinions, diagnoses and medical evidence of a treating physician who is familiar with the claimant's injuries, treatment, and responses should be accorded considerable weight in determining disability. *Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985) (citing *Barajas v. Heckler,* 738 F.2d 641, 644 (5th Cir. 1984)); *Smith v. Schweiker*, 646 F.2d 1075, 1081 (5th Cir. 1981); *Perez v. Schweiker*, 653 F.2d 997, 1001 (5th Cir. 1981); *Fruge v. Harris*, 631 F.2d 1244, 1246 (5th Cir. 1980). There are exceptions to this principle. The ALJ may give less weight to a treating physician's opinion when (1) "there is good cause shown to the contrary," *Perez*, 653 F.2d at 1001; *Smith*, 646 F.2d at 1081; *Fruge*, 631 F.2d at 1246, as is the case when his statement as to disability is "so brief and conclusory that it lacks strong persuasive weight," *Warncke v. Harris*, 619 F.2d 412, 417 (5th Cir. 1980); *see also Oldham v. Schweiker*, 660 F.2d 1078, 1084–85 (5th Cir. 1981), is not supported by medically acceptable clinical laboratory diagnostic techniques, 20 C.F.R. § 404.1526 (1985), or is otherwise unsupported by the evidence. *E.g., Warncke*, 619 F.2d at 417; *Oldham*, 660 F.2d at 1084. The ALJ may also reject a treating physician's opinion if he finds, with support in the record, that the physician is not credible and is "leaning over backwards to support the application for disability benefits." *Scott*, 770 F.2d at 485 (citing *Whitney v. Schweiker*, 695 F.2d 784, 789 (7th Cir.1982)). However, an ALJ can not reject a medical opinion without an explanation. *Loza v. Apfel*, 219 F.3d 378, 395 (5th Cir. 2000) (citing *Strickland v. Harris*, 615 F.2d 1103, 1110 (5th Cir. 1980)); *Goodley v. Harris*, 608 F.2d 234, 236 (5th Cir. 1979).

Arguing that the approval of treatment in connection with a work-related injury such as plaintiff's is under the control of the workers' compensation insurance carrier, plaintiff maintains that Dr. John MacGregor's opinion as the medical doctor who treated plaintiff most should be entitled to great weight. But while plaintiff frames the issue in this fashion, the crux of the dispute here is not whether the ALJ rejected or gave lesser weight to the opinions of any of plaintiff's treating physicians, but whether the objective medical evidence and diagnoses from these physicians support the conclusion that the plaintiff does not meet or medically equal a listed impairment and can perform light work.

Plaintiff first notes that Dr. Lester Culver, Ph.D., diagnosed him with Major Depressive Disorder, Single Episode, Mild and Posttraumatic Stress Disorder. (Adm. Rec. at 321). Plaintiff reported to Culver that (1) he is afraid to sleep at night, (2) he jumps at night, (3) four times a week, he cries for no reason and (4) he hears people calling him. (*Id.* at 317). Plaintiff also reported daily hopelessness and feelings of worthlessness at least four times a week and admitted that his last suicidal ideation had been one week earlier. (*Id.* at 318). Citing 20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 12.04, entitled "Affective Disorder," plaintiff contends that these symptoms meet the listing of impairments therein.

The ALJ reviewed Culver's opinion, noting that Culver had diagnosed plaintiff as a "mildly depressed man with PTSD." (*Id.* at 23). And the ALJ gave "considerable (although lesser) weight to the report[] from Dr[]. Culver" as he saw plaintiff on "only a limited basis." (*Id.* at 24). The ALJ thus considered that Culver had opined that (1) plaintiff's intellectual function is probably in the dull normal range; (2) this his efforts and persistence were normal; (3) that he had no difficulty relating

to Culver; (4) that he had been able to tolerate others at work in the past; and (5) that he "tolerate[d] the testing process today and should be able to deal with the stress common on most jobs." (*Id.* at 321).

Plaintiff also relies on a report by Dr. John MacGregor in which he opined that plaintiff can not work an eight-hour day due to his impairments and that it is undertermined whether plaintiff can ever work an eight-hour day because it would depend on his response to treatment. (*Id.* at 329). Plaintiff notes that MacGregor diagnosed him with PTSD, Major Depressive Disorder, Substance Abuse, Alcoholism and Pain Disorder associated both with psychological factors and a general medical condition. (*Id.* at 327). But in that same report, MacGregor indicated that plaintiff showed no gross deficits intellectually; his sensorium was clear and alert; he was oriented to time, person, place and situation; and his recent and remote memory functions were intact. (*Id.*). MacGregor also noted that plaintiff had coherent thought processes, and no looseness of association, clinical autism, psychotic ambivalence, flight of ideas, delusions or hallucinations. (*Id.*). Indeed, MacGregor opined that plaintiff appeared to be a fair candidate for psychiatric treatment and even noted that plaintiff's prognosis under treatment would be "relatively favorable." (*Id.* at 328). That MacGregor opined that plaintiff can not work an eight-hour day in a conclusory statement on a check-off type form is not entitled to any great weight as it is an issue reserved to the Commissioner. *Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003); 20 C.F.R. § 404.1527(e)(2)-(3). There was substantial evidence in Culver's and MacGregor's reports to support the ALJ's conclusions.

This Court may not try the issues *de novo*, re-weigh the evidence, or substitute its own judgment for that of the Commissioner as long as his conclusions are supported by substantial

9

evidence. *Carey*, 230 F.3d at 135. While the ALJ may not have given Culver's and MacGregor's reports controlling weight, he gave them "considerable" weight. And even had he not done so, as noted above, there was substantial evidence in Culver's and MacGregor's reports that support a conclusion dissimilar from that which the plaintiff would ask this Court to draw.

The ALJ gave greater weight to the opinion of Dr. Kenneth N. Adatto, an orthopedist, who saw plaintiff on numerous occasions to diagnose his injuries. Plaintiff relies on a statement from Dr. Adatto dated January 18, 2011, in which Adatto opines that plaintiff has a "total impairment." (*Id.* at 467). But that report by Adatto is dated after the expiration of plaintiff's insured status. Therefore, it does not relate to the relevant time period in this case. In addition, Adatto's conclusory statement that plaintiff had a total impairment is vague and conclusory and at odds with his earlier reports during the relevant time period in which he found plaintiff can perform light work. (*Id.* at 359, 373). The ALJ considered Adatto's January 2011 statement, but found that it did not relate to the relevant time period and was inconsistent with Adatto's treatment notes during the relevant time period. (*Id.* at 24, 467).

After an examination on February 18, 2010, Adatto noted plaintiff had a normal gait, that he responded to questions with good judgment, that he demonstrated no anxiety or depression, and that he was in no apparent acute distress. (*Id.* at. 273). Adatto noted that plaintiff's cervical spine revealed moderate loss of motion and spasm, but that he had a full range of motion in both upper extremities. (*Id.* at 273). At a follow-up visit on March 18, 2010, a thoracic spine evaluation showed normal convex curvature with no evidence of scoliosis, no muscle spasm, normal lateral motion, and full range of motion without discomfort. (*Id.* at 269). With respect to plaintiff's right shoulder,

plaintiff had a full range of motion. (*Id.* at 269). Adatto recommended conservative treatment consisting of a home exercise program, medication to alleviate symptoms, and periodic review and evaluation. (*Id.* at 269). It is well-settled law that it is within the discretion of the ALJ to determine the credibility of the various reports in the record. *See Griego v. Sullivan*, 940 F.2d 942, 945 (5th Cir. 1991).

Substantial evidence supports the ALJ's greater reliance on Adatto's evaluations (and rejection of his conclusory statement that plaintiff has a total impairment) than on Culver's and MacGregor's. And while plaintiff also cites the reports of Drs. Michael Haydel and Samuel E. Greenberg – as noted above – this Court may not try the issues *de novo*, re-weigh the evidence, or substitute its own judgment for that of the Commissioner as long as his conclusions are supported by substantial evidence. *Carey*, 230 F.3d at 135. While there may be evidence in the record to support plaintiff's proffered diagnosis, as long as the Commissioner's findings are supported by substantial evidence, this Court must affirm them. *Martinez*, 64 F.3d at 173. The Court finds that there is substantial evidence in the record to support the ALJ's conclusions that plaintiff has the RFC to perform light work and does not meet or medically equal a listed impairment.

## VI. CONCLUSION

Plaintiff has failed to demonstrate that substantial evidence does not support the ALJ's conclusions here. Accordingly,

**IT IS RECOMMENDED** that plaintiff's Motion for Summary Judgment be DENIED, the Commissioner's Cross-Motion be GRANTED and that plaintiff's complaint be DISMISSED WITH PREJUDICE.

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 28th day of February, 2013.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**